# United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 17 2006

July 14, 2006

GREGORY C. LANGHAM
CLERK

NOTIFICATION OF MAILING

Re:   06-1277, Jackson v. United States
      Dist/Ag docket: 98-CR-00010-LTB

A COPY OF THE ATTACHED ORDER HAS BEEN PLACED IN THE UNITED STATES MAIL THIS DATE, ADDRESSED AS FOLLOWS:

David L. Jackson
FCI Englewood
#27944-013
9595 West Quincy Avenue
Littleton, CO 80123

Mr. William J. Leone
Office of the United States Attorney
1225 17th Street
Suite 700
Denver, CO 80202

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589



DEPUTY CLERK

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

| | |
|---|---|
| DAVID L. JACKSON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 06-1277<br>(D.C. No. 98-CR-00010-LTB)<br>(D. Colo.) |

ORDER
Filed July 14, 2006

Before **KELLY**, **BRISCOE**, and **TYMKOVICH**, Circuit Judges.

Petitioner David L. Jackson seeks permission to file a second or successive motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in order to challenge his conviction on seven counts of kidnaping and one count of use of a firearm during the commission of a crime of violence. To obtain permission, Mr. Jackson must show that he is raising a claim based on a new rule of constitutional law or based on newly discovered evidence. *See id.* para. 8. Because he fails to make this showing, we deny him permission to file a second or successive § 2255 motion.

Mr. Jackson argues that he is actually innocent of the kidnaping convictions because he was insane at the time he committed the crimes. According to Mr. Jackson, kidnaping pursuant to 18 U.S.C. § 1201(a)(5) is not a general intent crime. In addition, he faults the district court for failing to enter an order declaring him insane. He maintains his actual innocence claim is based on newly discovered evidence, because he only now recognizes his actual innocence and the fact that he was insane and lacked the mental capacity to recognize the difference between general and specific intent.

Mr. Jackson, however, presented an insanity defense at trial. *United States v. Jackson*, 248 F.3d 1028, 1029 (10th Cir. 2001). He also attempted to present evidence of diminished capacity, but the district court ruled the evidence was inadmissible because kidnaping is a general intent crime and diminished capacity is only a defense to specific intent crimes. *Id.* On direct appeal, we affirmed that ruling. *Id.* at 1032. Contrary to Mr. Jackson's suggestion, he presents no new factual information showing that he was insane at the time he committed the crimes.

Because Mr. Jackson has alleged neither newly discovered evidence nor a new rule of constitutional law, *see* 28 U.S.C. § 2255 para. 8, we DENY him permission to file a second or successive § 2255 motion. This order is not

appealable and is not subject to a petition for rehearing or a writ of certiorari. *See* 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court<br>
ELISABETH A. SHUMAKER, Clerk<br>
<br>
By: _[signature]_<br>
Deputy Clerk